IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JASON M. MILLER**     **PETITIONER**

**v.**     **No. 1:25CV14-SA-DAS**

**PRENTISS COUNTY, ET AL.**     **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jason M. Miller for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved [13] to dismiss the petition, Miller has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion [13] to dismiss will be granted, and the instant petition will be dismissed *with prejudice* for failure to state a claim upon which relief could be granted.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations, and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

**Facts and Procedural Posture**[1]

In October 2024, Miller signed a form § 2254 petition challenging his pre-trial detention in Prentiss County Cause Nos. 24-cr-40, 24-cr-132, and 24-cr-272. Doc. 1. As Miller is not yet "in custody pursuant to a judgment of a State court," *see* 28 U.S.C. § 2254, the court has construed his pleading as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241.

**State Court Proceedings**

On September 14, 2023, the Prentiss County Sheriff's Office arrested Miller. *See* Doc. 12-1 at 11 (Prentiss County No. 24-cr-40, MEC Doc. 3 at 3). Since that time, Miller has been indicted for numerous crimes in three separate pending Prentiss County proceedings. *See* Docs. 12, *et seq.*

On February 20, 2024, Miller was indicted for seven crimes: three counts of aggravated assault; two counts of shooting into a dwelling; possession of a stolen weapon; and felon in possession of a firearm. **Exhibit A**; Doc. 12-1 at 4–6 (Prentiss County No. 24-cr-40, MEC Doc. 1).[2] Also, on February 20, 2024, Miller was indicted for four drug-related crimes with an enhanced penalty under Miss. Code Ann. § 41-29-152 for possessing "any firearm either at the time of the commission of the offense or at the time any arrest is made":

(a) possession of "ten (10) grams or more but less than thirty (30) grams" of methamphetamine with intent;

(b) possession of "two (2) grams or more but less than ten (10) grams" of cocaine with intent;

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

(c) possession of "less than two (2) grams" of N,N-Dimethylpentylone; and

(d) possession "of thirty (30) grams or more but less than two hundred fifty (250) grams" of marijuana with intent.

**Exhibit B**; Doc. 12-2 at 4–6 (Prentiss County No. 24-cr-132, MEC Doc. 1).

In both cases, the capias was returned executed on February 26, 2024, and Miller was arraigned on March 18, 2024. **Exhibit C**; Doc. 12-1 at 9–14 (Prentiss County No. 24-cr-40, MEC Docs. 3, 4); Doc. 12-2 at 9–12, 18–19 (Prentiss County No. 24-cr-132, MEC Docs. 4, 6). The arraignment orders reflect a $75,000.00 bond on all charges. **Exhibit C**. Shortly after arraignment, Miller, through counsel, filed motions for discovery in both cases. Doc. 12-1 at 15–19 (Prentiss County No. 24-cr-40, MEC Doc. 5); Doc. 12-2 at 13–17, 20–24 (Prentiss County No. 24-cr-132, MEC Docs. 5, 7). Miller also filed two *pro se* bond-reduction motions in his aggravated-assault case. Doc. 12-1 at 20–21 (Prentiss County No. 24-cr-40, MEC Docs. 6, 7). On January 16, 2025, the circuit court entered orders in both cases "revoking bond, denying further bond, and remanding [Miller] to the custody of the Sheriff until trial … pursuant to Article 3, Section 29, Mississippi Constitution of 1980, as amended." **Exhibit D**; Doc. 12-1 at 22 (Prentiss County No. 24-cr-40, MEC Doc. 8); Doc. 12-2 at 25 (Prentiss County No. 24-cr-132, MEC Doc. 8).

Meanwhile, on July 22, 2024, Miller was indicted in a third case for trafficking "by having in his possession thirty (30) or more grams of … methamphetamine." **Exhibit E**; Doc. 12-3 at 3–4 (Prentiss County No. 24-cr-272, MEC Doc. 1). The capias was returned executed on July 24, 2024, and Miller was arraigned on August 12, 2024. **Exhibit F**; Doc. 12-3 at 7–12 (Prentiss County No. 24-cr-272, MEC Docs. 3, 4). Soon after, Miller, through counsel, filed a motion for discovery. Doc. 12-3 at 13–17 (Prentiss County No. 24-cr-272, MEC Doc. 5).

An assistant district attorney (ADA) with the Prentiss County District Attorney's Office informed the State that Miller's cases have been on the docket every court term, which serves as the potential trial date until an agreed order setting trial is filed. As part of those docket calls, the ADA and Miller's attorney provide a case status to the trial court. Miller's aggravated-assault case was called on May 5, 2025, and his drug-possession-with-intent case was called on May 7, 2025. **Exhibit G** (relevant excerpts from the May 2025 Prentiss County Docket for Judge Mims). The ADA stated that Miller's trafficking case is also on the active docket.³ Finally, the ADA confirmed that their office has made plea offers in each of Miller's cases, which have been pending for some time.

The Prentiss County Circuit Court's MEC *civil* docket and the Mississippi Supreme Court's online docket confirm no civil filings by Miller challenging his current pretrial detention on his numerous Prentiss County criminal charges.

**Federal *Habeas Corpus* Proceeding**

In October 2024, Miller signed a form § 2254 petition challenging his pre-trial detention in Prentiss County Circuit Court Cause Nos. 24-cr-40, 24-cr-132, and 24-cr-272. Doc. 1. Though he filed his petition on the § 2254 form, he is not yet "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254. The court has thus construed his petition as one challenging his pre-trial detention under 28 U.S.C. § 2241.

He challenges his "warrantless" or "illegal search seziure [sic]" and argues that he has been "confined at Prentiss County Sheriff dept [for] 14 months in v[i]olation of [his] constitutional rights to a fast and speed[y] tr[ia]l." Doc. 1 at 6. He claims that he has never been to court. *See*

---

³ The attached docket reflects that the status of Miller's trafficking case was "to be arraigned." **Exhibit G**. However, the ADA confirmed to the State that the trafficking case is now on the active docket.

*generally*, Doc. 1. For relief, he asks that this Court "dismiss [his] charges and releas[e] [him] from custody." Doc. 1 at 16.

### The Instant Petition Must Be Dismissed for Failure to State a Valid *Habeas Corpus* Claim

Miller requests that the court "dismiss [his] charges and releas[e] [him] from custody." Doc. 1 at 16. These requests, however, do not state cognizable claims for federal *habeas corpus* relief, and the court must dismiss the instant petition *with prejudice*. Doc. 1 at 16.

Miller, as a pretrial detainee, has the right to seek federal *habeas corpus* relief under 28 U.S.C. § 2241 on a claim for a *demand for speedy trial*; however, to prevail on that claim, he must be "in custody" – and must have exhausted his available state remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973). Miller is currently in pretrial custody in Prentiss County, but *he does not demand a speedy trial*. Instead, though, he argues that the State violated his speedy-trial rights (Doc. 1 at 6), he seeks, instead, to "abort a state proceeding or to disrupt the orderly functioning of the state judicial processes" by requesting that the court *dismiss his pending charges* and *release him from custody*. *Braden*, 410 U.S. at 491. This form of relief is not available, as Miller may not disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

"[An] important distinction [exists] between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976). "This distinction [] turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second." *Id.* "While the former objective is normally not attainable through federal *habeas*

*corpus*, the latter is, although [the petitioner must meet] the requirement of exhaustion of state remedies." *Id.* (citations omitted).

"[A] claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right amounts to an attempt to assert 'an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Brown*, 530 F.2d at 1283 (quoting *Braden*, 410 U.S. at 490). In addition, federal *habeas corpus* relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 488–89.

Federal courts must "[not] interfere[] with pending state criminal proceedings … when (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges." *Johnson v. Jones*, No. 3:22-CV-715-TSL-MTP, 2023 WL 4004188, at *2 (S.D. Miss. May 16, 2023), *report and recommendation adopted*, 2023 WL 4002480 (S.D. Miss. June 14, 2023) (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). When those conditions are present, as here, "abstention is appropriate unless intervention is 'absolutely necessary for protection of constitutional rights' and without federal intervention, 'the danger of irreparable loss is both great and immediate.'" *Johnson*, 2023 WL 4004188, at *2 (citing *Younger*, 401 U.S. at 45).

The "special circumstances" that warrant federal intervention in a state-court proceeding include: (1) "bad faith" or harassment in the state-court proceeding; (2) a challenge to a "patently violative" unconstitutional state statute; or (3) "where extraordinary circumstances threaten irreparable loss that is both great and immediate." *Marcum v. Sollie*, No. 3:23-CV-311-DPJ-ASH, 2024 WL 4133038, at *2 (S.D. Miss. Sept. 10, 2024) (citing *Gates v. Strain*, 885 F.3d 874,

880 (5th Cir. 2018)) (discussing *Younger*'s "special circumstances" exception); *see also Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021 WL 908214, at *2–*3 (S.D. Miss. Jan. 20, 2021), *report and recommendation adopted as modified,* 2021 WL 899079 (S.D. Miss. Mar. 9, 2021) (discussing "special circumstances" exception). In a typical case, "'special circumstances are not necessarily established by the alleged infallibility of the federal claim' … because the state court is 'surely capable of recognizing and vindicating [the petitioner's] position.'" *McClure v. Washington Cnty.*, No. 4:21-CV-19-DMB-RP, 2022 WL 211252, at *3 (N.D. Miss. Jan. 24, 2022) (citing *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974)). As the petitioner, Miller "bears the burden of showing that an exception applies." *Portis*, 2021 WL 908214, at *3.

Miller has presented no special circumstances requiring this court to consider his pretrial claims challenging his many Prentiss County criminal charges. He was indicted in February 2024 and July 2024 for the charges at issue in his petition. As discussed above, his pretrial proceedings are moving forward in state court, his cases have been on the docket at every court term, *and the prosecution has extended a plea offer in each case.* Miller's cases are not stagnant, and there is no evidence that the prosecution is acting in bad faith.

Neither has Miller shown irreparable injury or lack of an adequate alternative state forum where the constitutional issues may be raised. He may "test the legality of [his] detention *prior to conviction*" by filing a writ of *habeas corpus* in state court under Miss. Code Ann. § 11-43-1 (the state *habeas corpus* statute). *Harris v. Patten*, 396 So. 3d 1217, 1220 (Miss. Ct. App. 2024) ("a writ of *habeas corpus* has the principal function of testing the legality of a petitioner's detention prior to his conviction"); *Bateman v. State*, 267 So. 3d 793, 796–97 (Miss. Ct. App. 2018) ( "the function of" a *pretrial* writ of *habeas corpus* "in Mississippi [] criminal cases is to release a prisoner who is being unlawfully held or to grant [the prisoner] a bail bond which [the prisoner]

can make"). As set forth above, Miller has not attempted to raise his federal *habeas corpus* claims in state court, and he has avenues to properly exhaust potential constitutional claims in state court. *See* Miss. Code Ann. §§ 99-35-101 (right to appeal following conviction); 99-39-1, *et seq.* (providing avenues for post-conviction relief); *Hillie v. Webster*, No. 4:17CV184-DMB-RP, 2019 WL 1304256, at *4 (N.D. Miss. Jan. 4, 2019), *report and recommendation adopted,* 2019 WL 1301969 (N.D. Miss. Mar. 21, 2019) (citations omitted) (discussing potential state avenues for exhaustion of pretrial speedy-trial claims).

For these reasons, Miller has shown no "special circumstances" requiring the court to intervene, and his petition will be dismissed *with prejudice* for failure to state a cognizable claim for federal *habeas corpus* relief. *Marcum*, 2024 WL 4133038, at *2; *Johnson*, 2023 WL 4004188, at *2–3; *McClure*, 2022 WL 211252, at *3; *see also*, *e.g.*, *Boylan v. Sollie*, No. 3:22-CV-423-TSL-MTP, 2023 WL 2386722, at *1–*2 (S.D. Miss. Feb. 15, 2023), *report and recommendation adopted,* 2023 WL 2386716 (S.D. Miss. Mar. 6, 2023).

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed *with prejudice* for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of December, 2025.

/s/ Sharion Aycock  
SENIOR UNITED STATES DISTRICT JUDGE